IN THE UNITED STATES DISTRICT COURT
FOR THE
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

Jonathan Grayson

Plaintiff(s),

v.

The City of Aurora, Illinois et al

Defendant(s).

Case No.
Judge Virginia M. Kendall

## ORDER

The Defendants' Motion to Dismiss Count XI of the Amended Complaint (Dkt. No. 80) is granted without prejudice. Grayson's Opposition to the Defendants' Motion to Re-Open the Deposition of Marilou Alvorado (Dkt. No. 114) is granted in part and denied in part. The Court will not reconsider its prior ruling, but will afford both parties an additional thirty minutes of deposition time with the witness.

## STATEMENT

Jonathan Grayson sued the City of Aurora after his 2002 criminal conviction for murder, attempted murder, and aggravated battery with a firearm was vacated on March 6, 2012. Grayson brought an eleven-count Amended Complaint, primarily alleging that Aurora, Police Sergeant Thomas Kearbey, Investigators Robert Wallers, Alvin Soto, Thomas Kinney, Richard Robertson, and Detectives Daniel West, John Thompson, and Michael Gumz deprived him of his right to a fair trial by withholding exculpatory evidence, fabricating reports and testimony, and coercing statements in violation of his due process via 42 U.S.C. § 1983. In his Amended Complaint, Grayson claims that a communication from a Confidential Source ("CS") bearing on Grayson's innocence received by the Aurora Police Department triggered the reinvestigation of his criminal case leading to his exoneration. Grayson further claims that the Defendants intentionally destroyed this communication to conceal their wrongdoing in his spoliation claim (Count XI). The Defendants now move to dismiss Grayson's spoliation claim under Fed. R. Civ. P. 12(b)(6) for failure to state a claim for which relief can be granted. For the following reasons, the Court grants the Defendants' motion to dismiss.

### Background

The Court takes the following well-pleaded allegations from the Amended Complaint and treats them as true for purposes of this motion. *See Tamayo v. Blagojevich*, 526 F.3d 1074, 1081 (7th Cir. 2008).

On August 24, 2000, two members of the Latin King street gang went to a laundromat in Aurora, Illinois and shot two rival gang members. (Dkt. No. 73, Am. Compl. ¶¶ 11-12). One of the

victims was killed while the other was left paralyzed. (*Id.* at ¶ 13). Grayson was not involved in the crime, but was convicted in 2002 of two counts of first degree murder, two counts of attempted first degree murder, and aggravated battery with a firearm stemming from the crime. (*Id.* at ¶¶ 14, 37). Grayson alleges that myriad testimony and evidentiary fabrications, inappropriate investigative techniques, and the withholding of exculpatory evidence by the Defendants led to his conviction. (*Id.* at ¶¶ 19-34).

In April 2011, a CS approached members of the Aurora P.D. and requested to speak with them about old cases. (*Id.* at ¶ 40). The information provided by the CS led the Aurora P.D. to reinvestigate Grayson's case. (*Id.*). On March 6, 2012, Grayson's conviction was vacated and he was exonerated. (*Id.* at ¶ 41). Grayson alleges that the communication provided by the CS was directly related to his innocence and that the Defendants destroyed the communication in an effort to conceal evidence of their previous wrongdoing. (*Id.* at ¶¶ 99-100). Grayson further alleges that the Defendants knew the communication tended to prove his lack of involvement in the crime and was intentionally destroyed in order to interfere with his ability to pursue civil remedies against them. (*Id.* at ¶¶ 100-101).

## Legal Standard

Rule 12(b)(6) requires dismissal of complaints that fail to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6). On a motion to dismiss pursuant to Rule 12(b)(6), a court must accept as true all of the well-pleaded allegations in the complaint and construe all reasonable inferences in favor of the plaintiff. *See Killingsworth v. HSBC Bank,* 507 F.3d 614, 619 (7th Cir. 2007). To state a claim upon which relief may be granted, a complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). "Detailed factual allegations" are not required, but the plaintiff must allege facts that, when "accepted as true . . . state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal,* 556 U.S. 662 (2009) (quoting *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 555 (2007)) (internal quotations omitted). In analyzing whether a complaint meets this standard, the "reviewing court [must] draw on its judicial experience and common sense." *Id.* at 678. When the factual allegations are well-pled, the Court assumes their veracity and then determines if they plausibly give rise to an entitlement to relief. *See id.* at 679. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Yeftich v. Navistar,* 722 F.3d 911, 915 (7th Cir. 2013).

## Discussion

As a preliminary matter, Illinois does not recognize a tort of intentional spoliation of evidence. *Borsellino v. Goldman Sachs Grp., Inc.*, 477 F.3d 502, 509-10 (7th Cir. 2007) Instead, under Illinois law, spoliation of evidence is a form of negligence. *Martin v. Keeley & Sons, Inc.*, 979 N.E.2d 22, 27 (Ill. 2012); *Dardeen v. Kuehling*, 213 Ill.2d 329, 335-36 (2004); *Boyd v. Travelers Ins. Co.*, 166 Ill.2d 188, 194-95 (1995). Accordingly, a plaintiff claiming spoliation of evidence must plead that: "(1) the defendant owed the plaintiff a duty to preserve the evidence; (2) the defendant breached that duty by losing or destroying the evidence; (3) the loss or destruction of the evidence was the proximate cause of the plaintiff's inability to prove an underlying lawsuit; and (4) as a result, the plaintiff suffered actual damages." *Martin*, 979 N.E.2d at 27 (citations omitted). The Defendants contend that Grayson insufficiently pleaded that they had a duty to

preserve the CS's communication, causation, and damages. Because Grayson failed to sufficiently allege that a "special circumstance" existed to create a duty on behalf of the Defendants to preserve the communication, the Court grants the motion and dismisses Grayson's spoliation claim without prejudice.

The general rule in Illinois is that there is no duty to preserve evidence; however, in certain circumstances, a duty can arise. *Boyd*, 166 Ill.2d at 195. The Illinois Supreme Court established a two-prong test to determine whether a party has a duty to preserve evidence. *Dardeen*, 213 Ill.2d at 335. Under the first, or "relationship," prong of the test, a plaintiff must allege that an "agreement, contract, statute, special circumstance, or voluntary undertaking has given rise to a duty to preserve evidence on the part of the defendant." *Martin*, 979 N.E.2d at 28. The second, or "foreseeability," prong of the Illinois test requires a plaintiff to allege that "the duty extends to the specific evidence at issue by demonstrating that 'a reasonable person in the defendant's position should have foreseen that the evidence was material to a potential civil action.'" *Id.* (quoting *Boyd*, 166 Ill.2d at 195). The analysis only reaches the foreseeability prong if the plaintiff can first satisfy the relationship prong. *See Dardeen*, 213 Ill.2d at 336. Here, because Grayson does not fulfill the relationship prong, the Court need not discuss foreseeability.

Grayson does not state in his Amended Complaint that an agreement, contract, statute, or voluntary undertaking created a duty to preserve the CS's communication. Accordingly, Grayson must rely on the "special circumstance" exception to the general rule that there is no duty to preserve evidence. *See Boyd*, 166 Ill.2d at 195. Grayson pleaded that the Defendants intentionally destroyed the communication, knowing that the communication tended to prove his innocence, in an effort to conceal their prior wrongdoing and to interfere with his ability to prove his civil lawsuit. (Am. Compl. at ¶¶ 99-101). These allegations lead to the reasonable inferences that (1) the Defendants were in possession and control of the communication, and (2) they were aware of the potential for litigation. Neither inference is sufficient to qualify as a "special circumstance" creating a duty to preserve the communication on behalf of the Defendants.

Although Illinois courts have not precisely defined what constitutes a "special circumstance" in the context of recognizing a duty in a spoliation of evidence claim, "something more than possession and control are required, such as a request by the plaintiff to preserve the evidence and/or the defendant's segregation of the evidence for the plaintiff's benefit." *See Martin*, 979 N.E.2d at 30-31 (rejecting the plaintiff's argument that the defendant's exclusive possession, control, and destruction of evidence, coupled with lack of opportunity for the plaintiff to request the evidence be preserved, was nevertheless insufficient to establish duty); *see also Miller v. Gupta*, 174 Ill.2d 120, 122-23 (1996) (evidence that may have constituted "special circumstances" supporting a duty by the defendant included evidence that the plaintiff's medical malpractice attorney requested the plaintiff's X-rays from her doctor and the doctor obtained the X-rays and placed them in his office). Here, Grayson offers no allegations other than that the Defendants had the CS's communication and destroyed it, albeit with the intention to frustrate Grayson's litigation efforts. The Amended Complaint is devoid of any allegations that Grayson requested the communication or that any of the Defendants segregated the communication. By failing to allege "something more than possession and control," Grayson fails to plead that special circumstances gave rise to a duty by the Defendants to preserve the communication. Grayson's additional allegation that the Defendants destroyed the communication in an effort to interfere with his ability to prove his civil lawsuit against them does not save his spoliation claim. *See, e.g., Martin*, 979 N.E.2d at 32 (refusing to accept the plaintiff's argument that, as a

potential litigant, the defendant "had a duty to other potential litigants to preserve material evidence"); *Gregorio v. Yellow Transp., Inc.*, No. 08 C 6257, 2009 WL 3681698, at *3 (N.D. Ill. Nov. 2, 2009) (mere knowledge of a potential litigation is not sufficient to give rise to a duty); *see also McCauley v. City of Chicago*, 671 F.3d 611, 616 (7th Cir. 2011) (plaintiff must go beyond a "formulaic recitation of the cause of action" in order to state a claim).

Because the Court finds that Grayson failed to plausibly allege that the Defendants owed him a duty to preserve the communication, the Court does not address the Defendants' remaining arguments regarding causation and damages. For the foregoing reasons, the Court dismisses Grayson's spoliation claim without prejudice.

Date: 12/31/2014

Virginia M. Kendall
United States District Judge