IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION

| | | |
|---|---|---|
| JONATHAN GRAYSON, | ) | |
| | ) | |
| Plaintiff, | ) | CASE NO. 1:13-cv-01705 |
| | ) | |
| v. | ) | |
| | ) | |
| THE CITY OF AURORA, ILLINOIS, | ) | Honorable Judge Kendall |
| Aurora Police Sergeant, KEARBEY, | ) | |
| Aurora Police Investigators WALLERS, | ) | |
| SOTO, KINNEY, and ROBERTSON, | ) | |
| Aurora Police Detectives WEST, THOMPSON, | ) | |
| GUMZ, and as-yet Unknown Current or Former | ) | |
| City of Aurora, Illinois Employees | ) | |
| and / or as-yet Unknown Aurora Police | ) | |
| Department Employees, | ) | |
| | ) | |
| Defendants. | ) | JURY TRIAL DEMANDED |

## PROPOSED JURY INSTRUCTIONS BY BOTH PARTIES

/s/ Jon Loevy
Jon Loevy
One of Plaintiff's Attorneys
Arthur Loevy
Jon Loevy
Julie Goodwin
Elliot Slosar
Loevy & Loevy
312 N. May Street, Suite 100
Chicago, Illinois 60607
(312) 243-5900
(312) 243-5902

Signed: /s/ Amy A. Hijjawi, Att. No. 6201302
Attorneys for Defendant Officers
Andrew M. Hale
Amy A. Hijjawi
Shneur Z. Nathan
HALE LAW LLC
53 Jackson Blvd. – Suite 330
Chicago, IL 60604
(312) 341-9646

IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION

| | | |
|---|---|---|
| JONATHAN GRAYSON, | ) | |
| | ) | |
| Plaintiff, | ) | CASE NO. 1:13-cv-01705 |
| | ) | |
| v. | ) | |
| | ) | |
| THE CITY OF AURORA, ILLINOIS, | ) | Honorable Judge Kendall |
| Aurora Police Sergeant, KEARBEY, | ) | |
| Aurora Police Investigators WALLERS, | ) | |
| SOTO, KINNEY, and ROBERTSON, | ) | |
| Aurora Police Detectives WEST, THOMPSON, | ) | |
| GUMZ, and as-yet Unknown Current or Former | ) | |
| City of Aurora, Illinois Employees | ) | |
| and / or as-yet Unknown Aurora Police | ) | |
| Department Employees, | ) | |
| | ) | |
| Defendants. | ) | JURY TRIAL DEMANDED |

**PLAINTIFF'S PROPOSED JURY INSTRUCTIONS**

## FUNCTIONS OF THE COURT AND THE JURY

Members of the jury, you have seen and heard all the evidence and arguments of the attorneys. Now I will instruct you on the law.

You have two duties as a jury. Your first duty is to decide the facts from the evidence in the case. This is your job, and yours alone.

Your second duty is to apply the law that I give you to the facts. You must follow these instructions, even if you disagree with them. Each of the instructions is important, and you must follow all of them.

Perform these duties fairly and impartially. Do not allow sympathy, prejudice, fear, or public opinion to influence you.

Nothing I say now, and nothing I said or did during the trial, is meant to indicate any opinion on my part about what the facts are or about what your verdict should be.

Plaintiff's Jury Instruction No. 1
Source: Seventh Circuit Pattern Civil Jury Instruction 1.01
__x___Given
_____ Rejected
_____ Withdrawn
_____ Objected to

**NO INFERENCE FROM JUDGE'S QUESTIONS**

During this trial, I have asked a witness a question myself. Do not assume that because I asked questions I hold any opinion on the matters I asked about, or on what the outcome of the case should be.

Plaintiff's Jury Instruction No. 2

Source: Seventh Circuit Pattern Civil Jury Instruction 1.02

__x___        Given

_____  Rejected

_____  Withdrawn

_____  Objected to

## ALL LITIGANTS EQUAL BEFORE THE LAW

In this case, the defendants are former and current police officers and plaintiff is a private

citizen. All parties are equal before the law. All parties are entitled to the same fair consideration.

Plaintiff's Jury Instruction No. 3

Source: Seventh Circuit Pattern Civil Jury Instruction 1.03 (modified)

_____ Given

_____ Rejected

_____ Withdrawn

_____ Objected to

**EVIDENCE**

The evidence consists of the testimony of the witnesses, the exhibits admitted in evidence, and stipulations. A stipulation is an agreement between both sides that certain facts are true or that a person would have given certain testimony.

Plaintiff's Jury Instruction No. 4

Source: Seventh Circuit Pattern Civil Jury Instruction 1.04

_x_____          Given

_____ Rejected

_____ Withdrawn

_____ Objected to

**DEPOSITION TESTIMONY**

During the trial, certain testimony was presented to you by the reading of a deposition and video. You should give this testimony the same consideration you would give it had the witnesses appeared and testified here in court.

Plaintiff's Jury Instruction No. 5

Source: Seventh Circuit Pattern Civil Jury Instruction 1.05

__x___ Given

_____ Rejected

_____ Withdrawn

_____ Objected to

## WHAT IS NOT EVIDENCE

Certain things are not to be considered as evidence. I will list them for you:

First, if I told you to disregard any testimony or exhibits or struck any testimony or exhibits from the record, such testimony or exhibits are not evidence and must not be considered.

Second, anything that you may have seen or heard outside the courtroom is not evidence and must be entirely disregarded. This includes any press, radio, or television reports you may have seen or heard. Such reports are not evidence and your verdict must not be influenced in any way by such publicity.

Third, questions and objections or comments by the lawyers are not evidence. Lawyers have a duty to object when they believe a question is improper. You should not be influenced by any objection, and you should not infer from my rulings that I have any view as to how you should decide the case.

Fourth, the lawyers' opening statements and closing arguments to you are not evidence. The purpose of these is to discuss the issues and the evidence. If the evidence as you remember it differs from what the lawyers said, your memory is what counts.

Plaintiff's Jury Instruction No. 6

Source: Seventh Circuit Pattern Civil Jury Instruction 1.06

\_\_\_x\_  Given

\_\_\_\_\_  Rejected

\_\_\_\_\_  Withdrawn

\_\_\_\_\_  Objected to

**NOTE-TAKING**

Any notes you have taken during this trial are only aids to your memory. The notes are not evidence. If you have not taken notes, you should rely on your independent recollection of the evidence and not be unduly influenced by the notes of other jurors. Notes are not entitled to any greater weight than the recollections or impressions of each juror about the testimony.

Plaintiff's Jury Instruction No. 7

Source: Seventh Circuit Pattern Civil Jury Instruction 1.07

__x___Given

_____ Rejected

_____ Withdrawn

_____ Objected to

**CONSIDERATION OF ALL EVIDENCE REGARDLESS OF WHO PRODUCED**

In determining whether any fact has been proved, you should consider all of the evidence bearing on the question regardless of who introduced it.

Plaintiff's Jury Instruction No. 8

Source: Seventh Circuit Pattern Civil Jury Instruction 1.08

___x__Given

_____ Rejected

_____ Withdrawn

_____ Objected to

## LIMITED PURPOSE OF EVIDENCE

You will recall that during the course of this trial I instructed you that I admitted certain evidence for a limited purpose. You must consider this evidence only for the limited purpose for which it was admitted.

Plaintiff's Jury Instruction No. 9

Source: Seventh Circuit Pattern Civil Jury Instruction 1.09

___x__Given

_____ Rejected

_____ Withdrawn

_____ Objected to

**WEIGHING THE EVIDENCE**

You should use common sense in weighing the evidence and consider the evidence in light of your own observations in life.

In our lives, we often look at one fact and conclude from it that another fact exists. In law we call this "inference." A jury is allowed to make reasonable inferences. Any inference you make must be reasonable and must be based on the evidence in the case.

Plaintiff's Jury Instruction No. 10

Source: Seventh Circuit Pattern Civil Jury Instruction 1.11

__x___Given

_____ Rejected

_____ Withdrawn

_____ Objected to

**DEFINITION OF "DIRECT" AND "CIRCUMSTANTIAL" EVIDENCE**

You may have heard the phrases "direct evidence" and "circumstantial evidence." Direct evidence is proof that does not require an inference, such as the testimony of someone who claims to have personal knowledge of a fact. Circumstantial evidence is proof of a fact, or a series of facts, that tends to show that some other fact is true.

As an example, direct evidence that it is raining is testimony from a the witness who says, "I was outside a minute ago and I saw it raining." Circumstantial evidence that it is raining is the observation of someone entering a room carrying a wet umbrella.

The law makes no distinction between the weight to be given to either direct or circumstantial evidence. You should decide how much weight to give to any evidence. In reaching your verdict, you should consider all the evidence in the case, including the circumstantial evidence.

Plaintiff's Jury Instruction No. 11

Source: Seventh Circuit Pattern Civil Jury Instruction 1.12

__x___Given

_____ Rejected

_____ Withdrawn

_____ Objected to

## TESTIMONY OF WITNESSES
## (DECIDING WHAT TO BELIEVE)

You must decide whether the testimony of each of the witnesses is truthful and accurate, in part, in whole, or not at all. You also must decide what weight, if any, you give to the testimony of each witness.

In evaluating the testimony of any witness, including any party to the case, you may consider, among other things:

— the ability and opportunity the witness had to see, hear, or know the things that the witness testified about;

— the witness's memory;

— any interest, bias, or prejudice the witness may have;

— the witness's intelligence;

— the manner of the witness while testifying;

— and the reasonableness of the witness's testimony in light of all the evidence in the case.

Plaintiff's Jury Instruction No. 12

Source: Seventh Circuit Pattern Civil Jury Instruction 1.13

__x___Given

_____ Rejected

_____ Withdrawn

_____ Objected to

## PRIOR INCONSISTENT STATEMENTS

You may consider statements given by a witness who is not a party to this lawsuit that the witness gave under oath before trial as evidence of the truth of what he said in the earlier statements, as well as in deciding what weight to give his trial testimony.

If you decide that, before the trial, a witness who is not a party to this lawsuit made a statement not under oath or acted in a manner that is inconsistent with his testimony here in court, you may consider the earlier statement or conduct only in deciding whether his testimony here in court was true and what weight to give to his testimony here in court.

As to the parties to this lawsuit, you may consider their statements made before trial as evidence of the truth of what they said in the earlier statements, as well as in deciding what weight to give their testimony, regardless of whether the statements were made under oath.

In considering a prior inconsistent statements or conduct, you should consider whether it was simply an innocent error or an intentional falsehood and whether it concerns an important fact or an unimportant detail.

Plaintiff's Jury Instruction No. 13
Source: Seventh Circuit Pattern Civil Jury Instruction 1.14
___x__Given
_____ Rejected
_____ Withdrawn
_____ Objected to

## IMPEACHMENT OF WITNESS — CONVICTIONS

You have heard evidence that [certain witnesses] have been convicted of a crime. You may consider this evidence only in deciding whether their testimony is truthful in whole, in part, or not at all. You may not consider this evidence for any other purpose.

Plaintiff's Jury Instruction No. 14

Source: Seventh Circuit Pattern Civil Jury Instruction 1.15

\_\_x\_\_\_Given

\_\_\_\_\_ Rejected

\_\_\_\_\_ Withdrawn

\_\_\_\_\_ Objected to

## LAWYER INTERVIEWING WITNESS

It is proper for a lawyer to meet with any witness in preparation for trial.

Plaintiff's Jury Instruction No. 15

Source: Seventh Circuit Pattern Civil Jury Instruction 1.16

__x___Given

_____ Rejected

_____ Withdrawn

_____ Objected to

## NUMBER OF WITNESSES

You may find the testimony of one witness or a few witnesses more persuasive than the testimony of a larger number. You need not accept the testimony of the larger number of witnesses.

Plaintiff's Jury Instruction No. 16

Source: Seventh Circuit Pattern Civil Jury Instruction 1.17

\_\_x\_\_\_Given

\_\_\_\_\_ Rejected

\_\_\_\_\_ Withdrawn

\_\_\_\_\_ Objected to

**ABSENCE OF EVIDENCE**

The law does not require any party to call as a witness every person who might have knowledge of the facts related to this trial. Similarly, the law does not require any party to present as exhibits all papers and things mentioned during this trial.

Plaintiff's Jury Instruction No. 17

Source: Seventh Circuit Pattern Civil Jury Instruction 1.18

__x___Given

_____ Rejected

_____ Withdrawn

_____ Objected to

**EXPERT WITNESSES**

You have heard witnesses give opinions about matters requiring special knowledge or skill. You should judge this testimony in the same way that you judge the testimony of any other witness. The fact that such person has given an opinion does not mean that you are required to accept it. Give the testimony whatever weight you think it deserves, considering the reasons given for the opinion, the witnesses' qualifications, and all of the other evidence in the case.

Plaintiff's Jury Instruction No. 18

Source: Seventh Circuit Pattern Civil Jury Instruction 1.21

__x___Given

_____ Rejected

_____ Withdrawn

_____ Objected to

**TRANSLATED LANGUAGE**

You should consider only the evidence provided through the official interpreter. Although some of you may know Spanish, it is important that all jurors consider the same evidence. Therefore, you must base your decision on the evidence presented in the English translation.

Plaintiff's Jury Instruction No. 19

Source: Seventh Circuit Pattern Civil Jury Instruction 1.22

___x__Given

_____ Rejected

_____ Withdrawn

_____ Objected to

**BURDEN OF PROOF**

When I say a particular party must prove something by "a preponderance of the evidence," or when I use the expression "if you find," or "if you decide," this is what I mean: When you have considered all the evidence in the case, you must be persuaded that it is more probably true than not true.

Plaintiff's Jury Instruction No. 20

Source: Seventh Circuit Pattern Civil Jury Instruction 1.27

\_\_\_x\_\_Given

\_\_\_\_\_ Rejected

\_\_\_\_\_ Withdrawn

\_\_\_\_\_ Objected to

**SELECTION OF PRESIDING JUROR; GENERAL VERDICT**

Upon retiring to the jury room, you must select a presiding juror. The presiding juror will preside over your deliberations and will be your representative here in court. Forms of verdict have been prepared for you.

-- Forms of verdict read --

Take these forms to the jury room, and when you have reached unanimous agreement on the verdict, your presiding juror will fill in and date the appropriate form, and all of you will sign it.

Plaintiff's Jury Instruction No. 21

Source: Seventh Circuit Pattern Civil Jury Instruction 1.32

___x__Given

_____ Rejected

_____ Withdrawn

_____ Objected to

## COMMUNICATION WITH COURT

I do not anticipate that you will need to communicate with me. If you do need to communicate with me, the only proper way is in writing. The writing must be signed by the presiding juror, or, if he or she is unwilling to do so, by some other juror. The writing should be given to the marshal, who will give it to me. I will respond either in writing or by having you return to the courtroom so that I can respond orally.

If you do communicate with me, you should not indicate in your note what your numerical division is, if any.

Plaintiff's Instruction No. 22

Source: Seventh Circuit Pattern Civil Jury Instruction 1.33

__x___Given

_____ Rejected

_____ Withdrawn

_____ Objected to

## PROXIMATE CAUSE

When I use the expression "proximate cause," I mean a cause that, in the natural or ordinary course of events, produced the Plaintiff's injury. It need not be the only cause nor the last or nearest cause. It is sufficient if it combines with another cause resulting in the injury.

Plaintiff's Jury Instruction No. 23

Source: Illinois Pattern Jury Instruction No. 15.01

_____ Given

_____ Rejected

_____ Withdrawn

___x__Objected to  This term does not appear in any of the instructions and therefore does not need to be defined

**ISSUES**

Plaintiff Jonathan Grayson claims that one or more of the Defendants violated his constitutional right to due process, resulting in an unfair criminal trial, causing him to be wrongfully convicted and incarcerated. Plaintiff Jonathan Grayson also claims that one or more of the Defendants conspired to violate his constitutional right to due process, as well as failing to prevent other Defendants from violating his constitutional right to due process.

Plaintiff Jonathan Grayson further claims that the Defendants caused him to be maliciously prosecuted, intentionally inflicted emotional distress on Plaintiff, destroyed evidence, and engaged in a conspiracy to deny Plaintiff access to the Courts, also resulting in injuries.

The Defendants deny each of Plaintiff's claims.

Plaintiff's Jury Instruction No. 24

_____ Given

_____ Rejected

_____ Withdrawn

___X__Objected to no need for this instruction and its not in the pattern

## DUE PROCESS

The Plaintiff's first claim is that the defendant violated his constitutional right to due process of law.

To succeed on this claim, Plaintiff must prove that the defendant did either or both of the following things by a preponderance of the evidence:

1. The Defendant concealed material exculpatory and/or impeachment evidence from prosecutors. As a result, the Plaintiff was damaged.

2. Created false evidence or statements pointing to Plaintiff's alleged guilt by means of improper coercion, manipulation and/or outright fabrication, without the knowledge of prosecutors. As a result, the Plaintiff was damaged.

A law enforcement officer is obligated to turn over to the prosecutors handling the case material exculpatory and impeachment evidence that is not otherwise available through the exercise of due diligence. Exculpatory or impeachment evidence is not considered to have been concealed if it was disclosed in time for the defendant in the criminal case to make use of it at his criminal trial.

"Exculpatory" evidence is evidence that would tend to show that the accused person is not guilty of the crime charged. "Impeachment" evidence is evidence that would undermine the credibility of the prosecution witness who testifies at the criminal trial.

Exculpatory and impeachment evidence is "material" if it has a reasonable likelihood of affecting the outcome of the criminal case.

If you find from your consideration of all the evidence that Plaintiff has proved any one or more of those things as to Defendants by a preponderance of the evidence, then you should

find in favor of Plaintiff on his due process claim and against Defendants and move on to award

damages.

      If however you find from your consideration of all the evidence that none of those things

has been proved as to Defendants by a preponderance of the evidence, then you should find

against Plaintiff and in favor of Defendants on the due process claim.

Plaintiff's Jury Instruction No. 25


Source: Given in substantially similar form in *Jiminez v. City of Chicago*, et al., No. 09 CV 8081
(N.D. Ill.) and *Dominguez v. Hendley*, No. 04 C 2907 (N.D. Ill.) (modified to exclude unduly
suggestive identification procedure not at issue in this case and added fabrication elements),
*affirmed by* 545 F.3d 585, 590 (7th Cir. 2008).

\_\_\_\_\_ Given

\_\_\_\_\_ Rejected

\_\_\_\_\_ Withdrawn

\_\_x\_\_\_Objected to   - See.  Def. Instruction No. 1

**DUE PROCESS: COERCED CONFESSION [Alternative to part of Due Process]**

In this case, Plaintiff claims that Defendants Wallers, West, and/or Robertson coercively questioned him and as a result obtained a coerced confession in violation of his constitutional rights. To succeed on this claim, Plaintiff must prove by a preponderance of the evidence that Wallers, West, and/or Robertson used psychological coercion to obtain a confession from him.

If you find that Plaintiff has proved by a preponderance of the evidence against one or more of the Defendants, then you should find for Plaintiff against that Defendant, and go on to consider the question of damages.

If, on the other hand, you find that Plaintiff has failed to prove by a preponderance of the evidence, then you should find for the Defendants and you will not consider the question of damages.

Plaintiff's Jury Instruction No. 25(2)

Source: Given in substantially similar form in *Sornberger v. City of Knoxville*, 434 F.3d 1006 which was affirmed by the Seventh Circuit. (7th Cir. 2006)

\_\_\_\_\_ Given

\_\_\_\_\_ Rejected

\_\_\_\_\_ Withdrawn

\_\_X\_\_\_Objected to See Defendants Instruction

**FAILURE TO INTERVENE**

To succeed on his failure to intervene claim, Plaintiff must prove each of the following things by a preponderance of the evidence:

1.      Plaintiff's right to due process was violated;

2.      A Defendant who did not actively participate in the due process violation knew that Plaintiff was about to have his due process rights violated;

3.      That Defendant had a realistic opportunity to do something to prevent harm from occurring;

4.      That Defendant failed to take reasonable steps to prevent harm from occurring;

5.      That Defendant's failure to act caused Plaintiff to suffer harm.

If you find that Plaintiff has proved each of these things by a preponderance of the evidence against one or more of the Defendants, then you should find for Plaintiff against that Defendant, and go on to consider the question of damages.

If, on the other hand, you find that Plaintiff has failed to prove any one of these things by a preponderance of the evidence, then you should find for the Defendants and you will not consider the question of damages.

Plaintiff's Jury Instruction No. 26

Source: Seventh Circuit Pattern Jury Instruction 7.16

__X__ Given

_____ Rejected

_____ Withdrawn

_____ Objected to

## CONSPIRACY

Plaintiff claims that one or more of the Defendants and/or other employees of the City of Aurora conspired to deprive him of his rights under the United States Constitution. To succeed on this claim, Plaintiff must prove each of the following things by a preponderance of the evidence:

1.      One or more of the Defendants and/or the City of Aurora through any of its employees, entered into an agreement amongst themselves or with others to deprive Plaintiff of his constitutional right(s);

2.      An actual deprivation of one or more constitutional rights resulting from an overt act taken in furtherance of this agreement.

If you find that Plaintiff has proved each of these things by a preponderance of the evidence against one or more of the Defendants, then you should find for Plaintiff against that Defendant, and go on to consider the question of damages.

If, on the other hand, you find that Plaintiff has failed to prove any one of these things by a preponderance of the evidence, then you should find for the Defendants and you will not consider the question of damages.

Plaintiff's Jury Instruction No. 27

Source: *Beaman v. Freesmeyer*, 776 F.3d 500, 510 (7th Cir. 2015); *Vukadinovich v. Zentz*, 995 F.2d 750 (7th Cir. 1993); *Mnyofu v. Board of Educ. of Rich. Tp. H.S. Dist. 227*, No. 03 C 8717, 2007 WL 1308523, at *11 (N.D. Ill. April 27, 2007)


\_\_\_\_\_ Given

\_\_\_\_\_ Rejected

\_\_\_\_\_ Withdrawn

\_\_\_x\_\_Objected to See Defendants proposed instruction

Objection: Defendants object to Pl.'s instruction # 27 because it improperly includes the City of Aurora as a co-conspirator in violation of the intra corporate conspiracy doctrine.  See Defendants' alternative instruction.

## MALICIOUS PROSECUTION

For a Plaintiff to succeed on his claim of malicious prosecution, the Plaintiff must prove each of the following things by a preponderance of the evidence as to the particular Defendant that you are considering:

1. The commencement or continuance of a criminal proceeding by the Defendant;

2. The termination of the criminal proceedings in favor of the Plaintiff in a manner indicative of innocence;

3. The absence of probable cause for such proceedings;

4. The presence of malice; and

5. Damages resulting to the Plaintiff.

Probable cause in a malicious prosecution claim means a state of facts that would lead a person of ordinary caution and prudence to believe, or to entertain an honest and strong suspicion, that the person arrested committed the offense charge. It is the state of mind of the one commencing the prosecution, and not the actual facts of the case or guilt or innocence of the accused, that is at issue. The fact that the charges against a particular Plaintiff were later dismissed does not by itself mean that there was no probable cause at the time the criminal proceeding was commenced.

If you find that Plaintiff has proved each of these things by a preponderance of the evidence against a particular Defendant, then you should find for the Plaintiff and against the Defendant, and go on to consider the question of damages.   If on the other hand, you find that Plaintiff has failed to prove any one of these things against a particular Defendant by a preponderance of the evidence, then you should find for that Defendant.

Plaintiff's Jury Instruction No. 28

Source: Approved by Judge Holderman, *Edwards v. Haritos,* 09 C 1726, *citing Turner v. City of Chicago,* 415 N.E.2d 481, 487 (Ill. App. 1980); *Swick v. Liautaud*, 169 Ill.2d 504, 512, 662 N.E.2d 1238, 1242 (1996);

_____ Given

_____ Rejected

_____ Withdrawn

\_\_\_X\_\_\_\_ Objected to See Defendants proposed instruction

## DEFINITION OF MALICE

A person acts with malice in commencing or continuing a criminal proceeding if he acts for a reason other than bringing the person against whom the proceeding is commenced to justice. You may infer that a person acts with malice if the absence of probable cause is clearly proven and the circumstances are inconsistent with actions made in good faith.

Plaintiff's Jury Instruction No. 29

<u>Source</u>: *Denton v. Allstate Ins. Co.*, 504 N.E.2d 756, 762-63 (1st Dist. 1986); *Johnson v. Target Stores, Inc.*, 791 N.E.2d 1206, 1222-23 (1st Dist. 2003); malice instruction given in *Jimenez v. Bogucki*, 09 C 8081, trial held January 2012

_____ Given

_____ Rejected

_____ Withdrawn

_____ Objected To

## INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

To succeed on his claim for intentional infliction of emotional distress, Plaintiff must prove the following elements by a preponderance of the evidence:

First, that the conduct of one or more of the Defendants was extreme and outrageous; and

Second, that one or more of the Defendants intended that his conduct would inflict severe emotional distress, or knew that there was at least a high probability that his conduct would cause severe emotional distress; and

Third, the conduct must in fact have caused severe emotional distress.

Extreme and outrageous conduct is defined as conduct that exceeds all bounds of human decency and that is regarded as intolerable in a civilized community.

If you find from your consideration of all the evidence that each of these propositions has been proven as to any Defendant, then your verdict should be for that Plaintiff and against that Defendant, and you should go on to consider the question of damages on this claim.

If, on the other hand, you find from your consideration of all the evidence that Plaintiff has failed to prove these three propositions, then you should find in favor of Defendants and against that Plaintiff on this claim, and you will have no occasion to consider the question of damages as to that Plaintiff for this claim.

Plaintiff's Jury Instruction No. 30
Source: *Adams v. Sussman & Hertzberg,* 292 Ill.App.3d 30, 684 N.E.2d 935 (1st Dist. 1997)
_____ Given
_____ Rejected
_____ Withdrawn
___x___ Objected to See Defendants Jury Instructions

## **SPOLIATION**

Plaintiff contends that the Defendants at one time possessed correspondence from a Confidential Informant. Plaintiff further contends that the Defendants and their agents participated, directly or indirectly, in the intentional destruction and spoliation of communication written by the Confidential Informant that is central to this lawsuit and that the destroyed communication bears directly on Plaintiff's innocence in the Miller homicide. However, the Defendants contend that the evidence was not destroyed and that the loss of such evidence was accidental. You may assume that such evidence would have been unfavorable to the Defendants only if you find by a preponderance of the evidence that: (1) The Defendants intentionally destroyed the evidence or caused the evidence to be destroyed; and (2) The Defendants destroyed the evidence or caused the evidence to be destroyed in bad faith.

Plaintiff's Jury Instruction No. 31

Source: Seventh Circuit Pattern Jury Instruction 1.20; *Miksis v. Howard*, 106 F.3d 754, 762-763 (7th Cir. 1997)(party seeking adverse inference must prove that other party intentionally destroyed evidence in bad faith). The Seventh Circuit "requires a showing of an intentional act by the party in possession of the allegedly lost or destroyed evidence" to support a missing or destroyed evidence instruction. Spesco, Inc. v. General Elec. Co., 719 F.2d 233, 239 (7th Cir. 1983); see also Adkins v. Mid-America Growers, Inc., 141 F.R.D. 466, 473 (N.D. Ill. 1992) ("In cases where evidence has been intentionally destroyed, it may be presumed that the materials were relevant."). If the facts are not in dispute, the court ordinarily will decide the sanction for an intentional and bad faith spoliation, which might include an instruction with an inference such as that set forth in this instruction.)

_____ Given

_____ Rejected

_____ Withdrawn

___x___ Objected to See Defendants Jury Instructions

## DENIAL OF ACCESS TO COURTS

To succeed in his claim of denial of access to court, Plaintiff must prove each of the following things by a preponderance of the evidence.

1. Defendant intentionally did at least one of the following things: The Defendant officers, while acting individually, jointly, and in conspiracy with one another, reached an agreement to conceal, obscure, and destroy communication received from the Confidential Informant which related to their investigation of the Miller homicide and thereby deprived Plaintiff of essential facts that were crucial to Plaintiff's pursuit of a legal action.

2. Defendant acted "under color of law." By this I mean that a person performs, or claims to perform, official duties under any state, county, or municipal law, ordinance, or regulation;

3. Defendant's conduct hindered his efforts to pursue a legal claim;

4. The case which Plaintiff wanted to bring to court was not frivolous. A claim is frivolous if it is so trivial that there is no chance it would succeed in court or be settled out of court after it was filed;

5. Plaintiff was harmed by Defendant's conduct.

If you find that Plaintiff has proved each of these things by a preponderance of the evidence, then you should find for Plaintiff, and go on to consider the question of damages. If, on the other hand, you find that Plaintiff has failed to prove any one of these things by a preponderance of the evidence, then you should find for Defendant, and you will not consider the question of damages.

Plaintiff's Jury Instruction No. 32

Source: Seventh Circuit Pattern Jury Instruction 8.02

_____ Given

_____ Rejected

_____ Withdrawn

\_\_\_x\_\_\_\_ Objected to See Defendants Jury Instructions

## DAMAGES - COMPENSATORY

If you find in favor of Plaintiff, then you must determine the amount of money that will fairly compensate Plaintiff for any injury that you find he sustained as a direct result of the violation of due process, failure to intervene, spoliation of evidence, denial of access to the courts, intentional infliction of emotional distress, malicious prosecution, and conspiracy of Defendants. These are called "compensatory damages".

Plaintiff must prove his damages by a preponderance of the evidence. Your award must be based on evidence and not speculation or guesswork. This does not mean, however, that compensatory damages are restricted to the actual loss of money; they include both the physical and mental aspects of injury, even if they are not easy to measure.

You should consider the following types of compensatory damages, and no others:

The mental, and emotional pain and suffering that Plaintiff has experienced and is reasonably certain to experience in the future. No evidence of the dollar value of mental and emotional pain and suffering has been or needs to be introduced. There is no exact standard for setting the damages to be awarded on account of pain and suffering. You are to determine an amount that will fairly compensate the Plaintiff for the injury he has sustained.


Plaintiff's Jury Instruction No. 33

Source: Seventh Circuit Pattern Jury Instruction 7.23 (modified to exclude numbered paragraphs 1 (medical care costs) and 2 (loss wages) and the nominal damage instruction).

_____ Given

_____ Rejected

_____ Withdrawn

_____ Objected to

## DAMAGES - PUNITIVE

If you find for Plaintiff, you may, but are not required to, assess punitive damages against Defendant. The purposes of punitive damages are to punish a defendant for his conduct and to serve as an example or warning to Defendant and others not to engage in similar conduct in the future.

Plaintiff must prove by a preponderance of the evidence that punitive damages should be assessed a given Defendant. You may assess punitive damages only if you find that his conduct was malicious or in reckless disregard of one of Plaintiff's rights. Conduct is malicious if it is accompanied by ill will or spite, or is done for the purpose of injuring Plaintiff. Conduct is in reckless disregard of one of Plaintiff's rights if, under the circumstances, it reflects complete indifference to Plaintiff's safety or rights.

If you find that punitive damages are appropriate, then you must use sound reason in setting the amount of those damages. Punitive damages, if any, should be in an amount sufficient to fulfill the purposes that I have described to you, but should not reflect bias, prejudice, or sympathy toward any party. In determining the amount of any punitive damages, you should consider the following factors:

_____ the reprehensibility of the Defendant's conduct;

_____ the impact of the Defendant's conduct on Plaintiff;

_____ the relationship between Plaintiff and the Defendant;

_____ the likelihood that the Defendant would repeat the conduct if an award of punitive damages is not made; and

_____ the relationship of any award of punitive damages to the amount of actual harm the Plaintiff suffered.

Plaintiff's Jury Instruction No. 34

Source: Seventh Circuit Pattern Jury Instruction No. 7.24 (modified to exclude the optional phrase "Defendant's finances" in the list of considerations)

_____ Given

_____ Rejected

_____ Withdrawn

__x___        Objected to  See defendants jury instruction

**VERDICT FORM**

1.      As to Plaintiff Jonathan Grayson's claim for violation of his constitutional right to a fair trial, we find (as to each Defendant, put a check on one and only one line, either for Plaintiff, or for that Defendant):

For Plaintiff Grayson                    For Defendant Wallers

_____                    _____


For Plaintiff Grayson                    For Defendant West

_____                    _____


For Plaintiff Grayson                    For Defendant Robertson

_____                    _____

2.      As to Plaintiff Jonathan Grayson's claim for failure to intervene, we find (as to

each Defendant, put a check on one and only one line, either for Plaintiff, or for that Defendant):

For Plaintiff Grayson                          For Defendant Wallers

_____                     _____


For Plaintiff Grayson                          For Defendant West

_____                     _____


For Plaintiff Grayson                          For Defendant Robertson

_____                     _____

3.    As to Plaintiff Jonathan Grayson's claim for conspiracy under federal law, we find (as to each Defendant, put a check on one and only one line, either for Plaintiff, or for that Defendant):

For Plaintiff Grayson                    For Defendant Wallers

_____                    _____


For Plaintiff Grayson                    For Defendant West

_____                    _____


For Plaintiff Grayson                    For Defendant Robertson

_____                    _____

4.     As to Plaintiff Jonathan Grayson's claim for malicious prosecution, we find (as to

each Defendant, put a check on one and only one line, either for Plaintiff, or for that Defendant):

For Plaintiff Grayson                          For Defendant Wallers

_____                    _____


For Plaintiff Grayson                          For Defendant West

_____                    _____


For Plaintiff Grayson                          For Defendant Robertson

_____                    _____

5.      As to Plaintiff Jonathan Grayson's claim for intentional infliction of emotional

distress, we find (as to each Defendant, put a check on one and only one line, either for Plaintiff,

or for that Defendant):


For Plaintiff Grayson                    For Defendant Wallers

_____                      _____


For Plaintiff Grayson                    For Defendant West

_____                      _____


For Plaintiff Grayson                    For Defendant Robertson

_____                      _____

6.       As to Plaintiff Jonathan Grayson's claim for conspiracy to deny Plaintiff access to the

courts, we find (as to each Defendant, put a check on one and only one line, either for Plaintiff,

or for that Defendant):


For Plaintiff Grayson                    For Defendant Wallers

_____                  _____


For Plaintiff Grayson                    For Defendant West

_____                  _____


For Plaintiff Grayson                    For Defendant Robertson

_____                  _____

7.     As to Plaintiff Jonathan Grayson's claim for conspiracy, we find (as to each Defendant, put a check on one and only one line, either for Plaintiff, or for that Defendant):

For Plaintiff Grayson                    For Defendant Wallers

_____                  _____


For Plaintiff Grayson                    For Defendant West

_____                  _____


For Plaintiff Grayson                    For Defendant Robertson

_____                  _____

8.    As to Plaintiff Jonathan Grayson's claim for spoliation, we find (as to each Defendant, put

a check on one and only one line, either for Plaintiff, or for that Defendant):


For Plaintiff Grayson                    For Defendant Wallers

_____                  _____


For Plaintiff Grayson                    For Defendant West

_____                  _____


For Plaintiff Grayson                    For Defendant Robertson

_____                  _____


For Plaintiff Grayson                    For Defendant City of Aurora

_____                  _____

## <u>DAMAGES</u>

Damages are to be awarded, only if you find against at least one Defendant on at least one claim.

We find the amount of **compensatory** damages suffered by Plaintiff Jonathan Grayson to be as follows:

$ _____

We find punitive damages in the following amounts (If you do not find punitive damages against any Defendant, enter zero ("0")):

Against Defendant Wallers:

YES _____ $_____ NO_____

Against Defendant West:

YES _____ $_____ NO_____

Against Defendant Robertson:

YES _____ $_____ NO_____

_____
Presiding Juror

_____

_____

_____

_____

Dated: _____


Objection: The City of Aurora should not be on the verdict form under the collateral source rule. There are no independent claims pending against the City of Aurora. In addition, any claims dismissed on summary judgment should be removed from the verdict form.

## IN THE UNITED STATES DISTRICT COURT FOR THE
## NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION

| | | |
|---|---|---|
| JONATHAN GRAYSON, | ) | |
| | ) | |
| Plaintiff, | ) | CASE NO. 1:13-cv-01705 |
| | ) | |
| v. | ) | |
| | ) | |
| THE CITY OF AURORA, ILLINOIS, | ) | Honorable Judge Kendall |
| Aurora Police Sergeant, KEARBEY, | ) | |
| Aurora Police Investigators WALLERS, | ) | |
| SOTO, KINNEY, and ROBERTSON, | ) | |
| Aurora Police Detectives WEST, THOMPSON, | ) | |
| GUMZ, and as-yet Unknown Current or Former | ) | |
| City of Aurora, Illinois Employees | ) | |
| and / or as-yet Unknown Aurora Police | ) | |
| Department Employees, | ) | |
| | ) | |
| Defendants. | ) | JURY TRIAL DEMANDED |

## **DEFENDANTS' PROPOSED JURY INSTRUCTIONS**

## DUE PROCESS

To prevail on his due process claim, Plaintiff must prove each of the following propositions with respect to each defendant:

1) That the defendant you are considering withheld material exculpatory evidence or material impeachment evidence from the prosecutors in Plaintiff's criminal case; to wit,

- [insert specific *Brady* claims that remain after ruling on Summary Judgment]

2) That Plaintiff's defense counsel in his criminal trial could not have discovered the evidence in the exercise of reasonable diligence;

3) That the evidence Plaintiff claims was withheld actually existed at the time of Plaintiff's criminal trial; and

4) That the defendant you are considering knew about the evidence Plaintiff claims was withheld.

"Exculpatory" evidence is evidence that would tend to show that the accused person is not guilty of the crime charged. "Impeachment" evidence is evidence that would undermine the credibility of a prosecution witness who testified at Plaintiff's criminal trial.

Exculpatory or impeachment evidence is "material" only if there is a reasonable likelihood that the evidence would have changed the outcome of the criminal case.

"Reasonable diligence" means the care and attention that is expected from and is ordinarily exercised by a reasonable and prudent person under the circumstances.

An officer is not responsible if evidence was turned over to the prosecutor but excluded from the trial by a court ruling.

If you find from your consideration of all the evidence that Plaintiff has proven each of these propositions as to a particular defendant, then you should find in favor of Plaintiff and

against that defendant on this claim, and go on to consider the question of damages on this claim.

If you find from your consideration of all the evidence that Plaintiff has failed to prove any one of these propositions as to a particular defendant, then you should find in favor of that defendant and against Plaintiff on this claim, and you will have no occasion to consider the question of damages as to that defendant on this claim.

Defendants' Jury Instruction No. 1


\_\_\_\_\_  Given

\_\_\_\_\_  Rejected

\_\_\_\_\_  Withdrawn

\_\_X\_\_  Objected to

Source:  Styled after the sample due process instruction posted to Judge Kennelly's webpage and given in *Manning v. Miller*, 02 C 372, trial held December 2004 - January 2005

**Plaintiff's Objection:**

Defendants have proposed the form of Due Process instruction given by Judge Kennelly in 2004, a case tried by Plaintiff's counsel.  The distinguishing feature of this instruction was that it specifically listed every piece of allegedly withheld and exculpatory information as a separate "claim" under Brady.

Following that trial, Judge Kennelly changed his approach to Due Process claims in *Jimenez v. City of Chicago,* 09 C 8081.  For the trial in that case -- which was litigated by the same Plaintiff's counsel (Loevy & Loevy) and Defendants' counsel (Hale & Associates) litigating the case at bar -- Judge Kennelly revised the Due Process instruction to omit specific references to particular pieces of evidence allegedly giving rise to *Brady* violations.

The Defendants objected to that approach, and after Plaintiff won the trial, they appealed on the grounds that Judge Kennelly should have given the type of Due Process instruction now

being proposed to this Court instead of the form given by Judge Kennelly. The Seventh Circuit rejected Defendants' argument, and affirmed Judge Kennelly, reasoning that there is only one unitary *Brady* claim, with the various pieces of evidence supporting that single claim. *See Jimenez v. City of Chicago*, 732 F.3d 710, 717-718 (7th Cir. 2013).

Given this clear direction from the Seventh Circuit, this Court should give the Jimenez form of instruction, which is Plaintiff's proposed instruction No. 25.

## COERCIVE INTERROGATION

Plaintiff claims that Defendants coerced his confession in violation of his constitutional rights. To succeed on this claim, Plaintiff must prove by a preponderance of the evidence that Defendants conduct in questioning Plaintiff was so conscious shocking that it was nearly certain to overcome Plaintiff's free will.

Custodial interrogations are permitted and are not in and of themselves coercive. During a custodial interrogation, police officers are permitted to lie, swear and play on the guilt and fears of the person interrogated.

If you find from your consideration of all the evidence that Plaintiff has proven that the conduct of the defendant you are considering was so conscious shocking that it was nearly certain to overcome Plaintiff's free will, then your verdict should be for Plaintiff on this claim, against any such defendant, and you should go on to consider the question of damages on this claim.

If, on the other hand, you find from your consideration of all the evidence that Plaintiff has not proven that the defendant's conduct was so conscious shocking that it was nearly certain to overcome Plaintiff's free will, then you should find in favor of the defendant on this claim, and you will have no occasion to consider the question of damages on this claim.

Defendants' Instruction No. 2

\_\_\_\_\_ Given

\_\_\_\_\_ Rejected

\_\_\_\_\_ Withdrawn

\_\_X\_\_ Objected to

Source: Styled in part after the coerced confession instruction given in *Walden v. City of Chicago*, 04 C 47, trial held February 2011 and *Johnson v. Trigg*, 28 F.3d 639, 641 (7th Cir. 1994).

**Plaintiff's Objection:**

It is not clear how closely this instruction is "styled in part" after the *Walden* instruction, but in any event, it is unduly argumentative and sets the bar too high in its opening paragraph. The relevant legal inquiry is whether the interrogative methods overbore Plaintiff's will. *See Schneckloth v. Bustamonte*, 412 U.S. 218, 225-26 (1973) (citations omitted); *Pole v. Randolph*, 570 F.3d 922, 941 (7th Cir. 2009) (Where a criminal defendant's confession is not "the product of an essentially free and unconstrained choice by its maker" and "if his will has been overborne and his capacity for self-determination critically impaired, the use of his confession offends due process."). Further, this instruction in no way is support by the holding in *Trigg*. In *Trigg*, the Seventh Circuit held that due process violations exist "when the police have resorted to tactics thought likely to prevent the suspect from making a rational choice whether to confess or remain silent." *Johnson v. Trigg*, 28 F.3d 639, 641 (7th Cir. 1994). At no point does the court hold that the officer must exhibit "conscious shocking" behavior in order to commit a due process violation, much less that a jury should be instructed in those terms. The language about "conscious shocking" and "nearly certain" is superfluous and inaccurate, and Plaintiff's proposed instruction numbers 25 and 25(2) more closely tracks the law.

## MALICIOUS PROSECUTION

Plaintiff asserts a claim for malicious prosecution under Illinois law against the Defendants. To succeed on this claim, Plaintiff must prove each of following elements by a preponderance of the evidence:

1.      One or more of Defendants commenced or continued a criminal proceeding against Plaintiff;

2.      The termination of the criminal proceedings in favor of Plaintiff in a manner indicative of innocence;

3.      There was no probable cause for the proceeding;

4.      That the defendant you are considering acted with malice in commencing or continuing the proceeding; and

5.      Plaintiff suffered damages as a result.

If you find from your consideration of all the evidence that each of the propositions required of the Plaintiff has been proven against the defendant you are considering, then your verdict should be for Plaintiff on this claim, against any such defendant, and you should go on to consider the question of damages on this claim.

If, on the other hand, you find from your consideration of all the evidence that any one of these propositions has not been proven, then you should find in favor of Defendants on this claim, and you will have no occasion to consider the question of damages on this claim.

Defendants' Jury Instruction No. 3

_____ Given

_____ Rejected

_____ Withdrawn

___X___ Objected to

Source: *Swick v. Liautaud*, 169 Ill.2d 504, 512, 662 N.E.2d 1238, 1242 (1996).

**Plaintiff's Objections**:

Plaintiff incorporates his objections to Defendants' definitions of probable cause and malice.

**COMMENCEMENT OR CONTINUATION**

In order for a defendant to have "commenced or continued" the prosecution, the

defendant you are considering must have either initiated the criminal proceeding or his

participation in it must have been of so active and positive a character as to amount to advice and

cooperation with the one initiating or continuing the proceeding.


Defendants' Instruction No. 4

_____ Given

_____ Rejected

_____ Withdrawn

_____ Objected to

Source: *Fabiano v. City of Palos Hills,* 336 Ill. App. 3d 635, 647 (1st Dist. 2002); *Denton v. Allstate Insurance Co.,* 152 Ill. App. 3d 578, 583 (1st Dist. 1986).

## PROBABLE CAUSE – DEFINITION

"Probable cause" in the context of a malicious prosecution claim means that Defendants had an honest and strong suspicion that Plaintiff committed the criminal offense charged. Defendants' honest and strong suspicion does not need to have been correct or based on evidence that would have been sufficient to support a conviction. It is the belief or state of mind of Defendants that you are considering and not the actual facts of the criminal case or the guilt or innocence of Plaintiff. The fact that the criminal charges against Plaintiff were ultimately dismissed does not mean that there was no probable cause to prosecute.

Once there is probable cause, an officer need not investigate further to uncover evidence that the plaintiff may be innocent; however, an officer may not turn a blind eye to the facts before him and reasonable avenues of investigation must be pursued.

Source: Seventh Circuit Pattern Jury Instructions (civil) 7.06 (modified); *Holmes v. Vill. of Hoffman Estates*, 511 F.3d 673, 682 (7th Cir. 2007); *Johnson v. Target Stores, Inc.,* 341 Ill. App. 3d 56, 73 (1st Dist. 2003); *Gramenos v. Jewel Companies*, *Inc*., 797 F.2d 432, 437–442 (7th Cir. 1986)(no duty to investigate claims of innocence after probable cause is established; *Sornberger v. City of Knoxville*, 434 F.3d 1006, 1016 (7th Cir. 2006)(reasonable avenues must be pursued).

_____ Given

_____ Rejected

_____ Withdrawn

___X___ Objected to

**Plaintiff's Objections**:

Defendants' suggestion that the source for this definition of probable cause is the Seventh Circuit Pattern instruction is disturbingly inaccurate, notwithstanding Defendants' clarification that they have "modified" it.  Aside from the fact that this instruction and the Fourth Amendment pattern

instruction share the words "probable cause," there are virtually no other similarities. Defendants'
re-written instruction is a compilation of argumentative and one-sided snippets of favorable
phrases from the case law.

## MALICE – DEFINITION

A person acts with malice in commencing or continuing a criminal proceeding if he acts for a reason other than bringing the person against whom the proceeding is commenced to justice. You may infer that a person acts with malice if the absence of probable cause is clearly proven and the circumstances are inconsistent with actions made in good faith.

Defendants' Jury Instruction No. 6

___ Given
___ Given as Modified
___ Refused
___ Withdrawn

Source: *Denton v. Allstate Ins. Co.*, 504 N.E.2d 756, 762-63 (1st Dist. 1986); *Johnson v. Target Stores, Inc.*, 791 N.E.2d 1206, 1222-23 (1st Dist. 2003); malice instruction given in *Jimenez v. Bogucki*, 09 C 8081, trial held January 2012

## REQUIREMENT OF PERSONAL INVOLVEMENT

Plaintiff must prove by a preponderance of the evidence that each defendant was personally involved in the conduct that Plaintiff complains about. You may not hold any defendant liable for what other individuals did or did not do.

Defendants' Jury Instruction No. 7

\_\_\_\_\_ Given

\_\_\_\_\_ Rejected

\_\_\_\_\_ Withdrawn

\_\_\_X\_ Objected to

Source: Seventh Circuit Pattern Civil Jury Instructions 7.02, modified, with brackets removed.

**Plaintiff's Objection**:

The committee notes to this instruction indicate that it needs to clarify that it does not apply to the failure to intervene claim or the respondeat claims.

**CONSPIRACY**

Plaintiff claims that Defendants conspired to deprive him of his constitutional rights. To succeed on this claim, Plaintiff must prove each of the following things by a preponderance of the evidence:

1. There was an agreement between the defendant you are considering and one or more other persons to conceal material exculpatory and/or impeachment evidence from prosecutors, or to obtain a coerced confession from Plaintiff;

2. The participants shared this common purpose;

3. One or more of the conspirators committed an overt act in furtherance of the conspiracy;

4. As a result, Plaintiff was damaged.

If you find from your consideration of all the evidence that Plaintiff has proven each of these propositions against the defendant you are considering, then your verdict should be for Plaintiff on this claim, against any such defendant, and you should go on to consider the question of damages on this claim.

If, on the other hand, you find from your consideration of all the evidence that any one of these propositions has not been proven, then you should find in favor of the defendant on this claim, and you will have no occasion to consider the question of damages on this claim.

Defendants' Instruction No. 8

___ Given
___ Given as Modified
___ Refused
___ Withdrawn

Source: *Brokaw v. Mercer County*, 235 F.3d 1000, 1024 (7th Cir. 2000); *Green v. Benden*, 281 F.3d 661, 665 (7th Cir. 2002); conspiracy instruction given in *Jimenez v. Bogucki*, 09 C 8081.

## INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

To succeed on his claim for intentional infliction of emotional distress, Plaintiff must prove the following elements by a preponderance of the evidence with respect to each defendant:

First, that the conduct of the defendant was extreme and outrageous in that the conduct exceeded all bounds of human decency and would be regarded as intolerable in a civilized community;

Second, that the defendant either intended to inflict severe emotional distress or knew that there was a high probability that his conduct would do so;

Third, that the conduct of the defendant actually caused severe emotional distress; and

Fourth, that the conduct of the defendants was willful and wanton that is, conduct which shows actual or deliberate intention to harm, or which, if not intentional, shows an utter indifference to or conscious disregard for the rights of another.

You are to consider these propositions as to each defendant separately.

If you find from your consideration of all the evidence that each of these propositions has been proven as to any defendant, then your verdict should be for Plaintiff and against that defendant, and you should go on to consider the question of damages on this claim.

If, on the other hand, you find from your consideration of all the evidence that Plaintiff has failed to prove these three propositions as to any defendant, then you must find in favor of the defendant and against that Plaintiff on this claim, and you will have no occasion to consider the question of damages as to Plaintiff for this claim.

Defendant's Jury Instruction No. 9

_____ Given
_____ Rejected
_____ Withdrawn
_____ Objected to

Source: IPI № B21.02.02 (modified)
*Meerbrey v. Marshall Field*, 139 Ill.2d 455, 474, 564 N.E.2d 1222, 1231 (1990) (False Arrest/False Imprisonment). *Ross v. Mauro Chevrolet,* 369 Ill.App.3d 794, 801, 861 N.E.2d 313,

219 (1st Dist. 2006) (Malicious Prosecution). *Thomas v. Fuerst*, 345 Ill.App.3d 929, 935, 803 N.E.2d 619, 625 (1st Dist.2004) (Intentional Infliction of Emotional Distress).

## SPOLIATION

Plaintiff asserts a claim for spoliation of evidence under Illinois law against Defendants relating to the letter from Ernesto Urzua that is now missing. To succeed on this claim, Plaintiff must prove each of the following elements by a preponderance of the evidence:

1.    The defendant you are considering was required by agreement, contract, statute, special circumstance, or voluntary undertaking to preserve the Urzua letter;

2.    A reasonable person in the position of the defendant you are considering should have foreseen at the time that the Urzua letter was lost or destroyed that it was essential evidence for a potential civil lawsuit;

3.    The loss or destruction of the Urzua letter was the result of willful and wanton conduct on the part of the defendant you are considering; and

4.    The loss or destruction of the Urzua letter caused Plaintiff to be unable to prove an otherwise valid, underlying legal claim.

If you find from your consideration of all the evidence that each of the above propositions required of the Plaintiff has been proven against the defendant you are considering, then your verdict should be for Plaintiff on this claim, against any such defendant, and you should go on to consider the question of damages on this claim.

If, on the other hand, you find from your consideration of all the evidence that any one of these propositions has not been proven as to the defendant you are considering, then you must find in favor of the defendant on this claim, and you will have no occasion to consider the question of damages on this claim.

Defendants' Instruction No. 10

_____ Given
_____ Rejected
_____ Withdrawn
__X__ Objected to

Source: *Dardeen v. Kuehling*, 213 Ill.2d 329, 331 (2004).

**Plaintiff's Objection:**

Plaintiff's formulation is a more accurate statement of the law.

## WILLFUL AND WANTON CONDUCT – DEFINITION

When I use the expression "willful and wanton conduct" I mean a course of action which shows actual or deliberate intention to harm, or which, if not intentional, shows an utter indifference to or conscious disregard for the rights of another.


Defendants' Instruction No. 11

_____ Given
_____ Rejected
_____ Withdrawn
___X___ Objected to

Source: Illinois Pattern Instruction 14.01

**Plaintiff's Objection**:

There is no need to define "willful and wanton" conduct because Defendants have proffered no jury instructions asserting any affirmative defenses.

Also, willful and wanton is relevant to overcome state law immunity, but because it relates to an affirmative defense, the burden is on the Defendants to demonstrate its absence. To the extent the Defendants attempt to incorporate willful and wanton into any other instructions, those instructions must reflect that Defendants bear the burden of establishing affirmative defenses.

## DENIAL OF ACCESS TO COURTS

To succeed in his claim of denial of access to court, Plaintiff must prove each of the following things by a preponderance of the evidence with respect to each defendant.

1. The defendant intentionally destroyed the Urzua letter and the letter contained essential facts related to the investigation of the murder for which Plaintiff was charged and convicted that were crucial to Plaintiff's pursuit of a legal action.

2. The defendant acted "under color of law." By this I mean that a person performs, or claims to perform, official duties under any state, county, or municipal law, ordinance, or regulation;

3. The defendant's conduct hindered Plaintiff's efforts to pursue a legal claim;

4. The case which Plaintiff wanted to bring to court was not frivolous. A claim is frivolous if it is so trivial that there is no chance it would succeed in court or be settled out of court after it was filed; and

5. Plaintiff was harmed by the defendant's conduct.

If you find that Plaintiff has proved each of these things by a preponderance of the evidence against a particular defendant, then you should find for Plaintiff, and go on to consider the question of damages. If, on the other hand, you find that Plaintiff has failed to prove any one of these things by a preponderance of the evidence, then you must find for the defendant, and you will not consider the question of damages.

Defendants' Jury Instruction No. 12

_____ Given

_____ Rejected

_____ Withdrawn

___X___ Objected to

Source: Seventh Circuit Pattern Jury Instruction 8.02

**Plaintiff's Objection:**

Plaintiff's formulation is a more accurate statement of the law.

**DAMAGES: PREFATORY INSTRUCTION**

If you find that Plaintiff has proved any of his claims against a defendant, then you must determine what amount of damages, if any, Plaintiff is entitled to recover from that defendant. If you find that Plaintiff has failed to prove all of his claims, then you will not consider the question of damages.

Defendants' Instruction No. 13

_____ Given
_____ Rejected
_____ Withdrawn
_____ Objected to

Source: Seventh Circuit Pattern Jury Instruction 7.22 modified with brackets removed.

## DAMAGES - COMPENSATORY

If you find in favor of Plaintiff, then you must determine the amount of money that will fairly compensate Plaintiff for any injury that you find he sustained as a direct result of the false arrest, improper searches, failure to intervene, and conspiracy of Defendants. These are called "compensatory damages".

Plaintiff must prove his damages by a preponderance of the evidence. Your award must be based on evidence and not speculation or guesswork. This does not mean, however, that compensatory damages are restricted to the actual loss of money; they include both the physical and mental aspects of injury, even if they are not easy to measure.

You should consider the following types of compensatory damages, and no others:

The mental, and emotional pain and suffering that Plaintiff has experienced and is reasonably certain to experience in the future. No evidence of the dollar value of mental and emotional pain and suffering has been or needs to be introduced. There is no exact standard for setting the damages to be awarded on account of pain and suffering. You are to determine an amount that will fairly compensate the Plaintiff for the injury he has sustained.

If you find in favor of Plaintiff but also find that Plaintiff has failed to prove compensatory damages, you must return a verdict for Plaintiff in the amount of one dollar ($1.00).

Defendants' Jury Instruction No. 14

_____ Given
_____ Rejected
_____ Withdrawn
_____ Objected to

Source: Seventh Circuit Pattern Jury Instruction 7.23 (modified to exclude numbered paragraphs 1 (medical care costs) and 2 (loss wages)).

**Plaintiff's Objection:**

Instruction on "nominal damages" is inappropriate in a case such as this one, where Plaintiff's 11 years of incarceration is not even arguably a nominal damages injury. This is not a case where Plaintiff is suing over only symbolic damages, and as such, a nominal damages instruction is inappropriate. *See Sahagian v. Hayes*, 827 F.2d 914, 923 (7th Cir. 1993) ("An instruction on nominal damages is only appropriate to "vindicat[e constitutional] rights whose deprivation has not caused actual, provable injury."); *Guzman v. City of Chicago*, 689 F.3d 740, 748 (7th Cir. 2011)(in the context of a false arrest case, cautioning, that "a court should use caution in giving the [nominal damages] instruction because an unlawful search or seizure will often produce, at a minimum, a compensable claim for loss of time…If the defendants request a nominal damages instruction on remand, we suggest that the district court proceed with caution and explain on the record the rationale for its decision.").

## DAMAGES - PUNITIVE

If you find for Plaintiff and against a defendant, you may, but are not required to, assess punitive damages against the defendant. The purpose of punitive damages is to punish a defendant for his conduct and to serve as an example or warning to the defendant and others not to engage in similar conduct in the future.

Plaintiff must prove by a preponderance of the evidence that punitive damages should be assessed against a given defendant. You may assess punitive damages only if you find that the defendant's conduct was malicious or in reckless disregard of one of Plaintiff's rights. Conduct is malicious if it is accompanied by ill will or spite, or is done for the purpose of injuring Plaintiff. Conduct is in reckless disregard of one of Plaintiff's rights if, under the circumstances, it reflects complete indifference to Plaintiff's safety or rights.

If you find that punitive damages are appropriate, then you must use sound reason in setting the amount of those damages. Punitive damages, if any, should be in an amount sufficient to fulfill the purposes that I have described to you, but should not reflect bias, prejudice, or sympathy toward any party. In determining the amount of any punitive damages, you should consider the following factors:

_____ the reprehensibility of the defendant's conduct;

_____ the impact of the defendant's conduct on Plaintiff;

_____ the relationship between Plaintiff and the defendant;

_____ the likelihood that the defendant would repeat the conduct if an award of punitive damages is not made;

_____ the defendant's financial condition; and

_____ the relationship of any award of punitive damages to the amount of actual harm

the Plaintiff suffered.

Defendant's Jury Instruction No. 15

Source: Seventh Circuit Pattern Jury Instruction No. 7.24

_____ Given
_____ Rejected
_____ Withdrawn
_____ Objected to